UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KENDRICK LEWIS** | **CIVIL ACTION NO. 3:20-CV-01416** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RICKEY A. JONES, Et Al** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 11] filed by Defendants Tensas Parish Sheriff Rickey A. Jones ("Jones") and Major Antonio Johnson ("Johnson"), collectively ("Defendants"). An Opposition [Doc. No. 13] was filed by Plaintiff Kendrick Lewis ("Lewis") on November 2, 2021. A Reply [Doc. No. 14] was filed by Jones and Johnson on November 9, 2021.

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

Lewis seeks damages against Jones and Johnson as a result of an incident that allegedly occurred at the Tensas Parish Detention Center ("TPDC") on November 5, 2019. While incarcerated at TPDC,[1] Lewis alleges that after he was questioned during an investigation of a fight that had occurred earlier, and before he and other inmates were taken to lockdown, he spoke to Johnson. Lewis allegedly told Johnson that he was suicidal and wanted to be housed alone for his own safety. Johnson allegedly put Lewis in cell #7, which held the friend of

---

[1] Although Jones and Johnson allege that Lewis had pled guilty to several felonies and had been sentenced to the Louisiana Department of Corrections, there is nothing in the record to prove that. Lewis' deposition testimony only says that Lewis was incarcerated for a series of different felonies. There is no evidence that Lewis had pled guilty and was sentenced.

another inmate Lewis had been in a fight with earlier that morning.  Lewis told Johnson that he feared for his safety.

Lewis alleged that Johnson said he was going to put him in the cell anyway.  Lewis further alleged that as he was pleading with Johnson not to put him in cell # 7, Johnson pointed a pepper ball gun at Lewis and fired three rounds into his right side, three rounds into his right arm, and two rounds into the left side of his face.  Lewis alleges he is entitled to compensatory damages, punitive damages, costs, and attorney fees.

Lewis makes seven claims against Johnson and four claims against Jones, in both their individual and official capacities.  The claims against Johnson are:

1. Unlawful use of force in violation of the Fourth Amendment,

2. Substantive due process violation under the Fourteenth Amendment,

3. Violation of Article I, Section 5 of the Louisiana State Constitution (right to be secure against unreasonable searches, seizures, or invasion of privacy),

4. Violation of Article I, Section 2 of the Louisiana State Constitution (due process of law),

5. Battery,

6. Assault, and

7. Intentional infliction of emotional distress.

The claims against Jones are:

1. Liability under 42 U.S.C. § 1983 as a supervisory official for improper and inadequate training and supervision of Johnson,

2. Vicarious liability for Johnson's actions pursuant to Louisiana Civil Code Article 2320,

3. Negligent supervision under Louisiana law, and

4. Failure to train Johnson under Louisiana law.

Defendants' Motion for Partial Summary Judgment seeks dismissal of Claims 1, 2, 3, 4, and the official capacity claims against Johnson. The motion also seeks dismissal of Claims 1, 3, 4, and the official capacity claims against Jones.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

3

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**B. Analysis**

The Court will now analyze each of the claims at issue in the Defendants' Motion.

### 1. Fourth Amendment, Fourteenth Amendment and Louisiana Constitutional Claims Against Johnson

Defendants maintain that Lewis was serving a felony sentence in the custody of the Louisiana Department of Public Safety and Corrections and that the Fourth Amendment,

4

Fourteenth Amendment, and Article I, Sections 2 and 5 of the Louisiana Constitution do not apply. Defendants argue that the Eighth Amendment applies to prisoners who have been convicted. *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Additionally, Defendants argue that Article I, Section 2 of the Louisiana Constitution mirrors the Fifth Amendment's Due Process Clause (*Ramsey v. City of Bossier City*, 2021 WL 3056482 (W.D. La. July 20, 2021)) and Article I, Section 5 of the Louisiana Constitution embodies the principles in the Fourth Amendment (*Shepherd v. City of Shreveport*, 2018 WL 1513679 at 10 (W.D. La. March 27, 2018)).

Since the Eighth Amendment, not the Fourth or Fourteenth Amendment, applies to convicted prisoners, Defendants argue all of these claims should be dismissed because Lewis was a convicted prisoner serving a sentence with the Louisiana Department of Corrections ("DOC").

This Court believes Defendants are correct. However, Defendants have not provided proof that Lewis had been convicted and was serving a DOC sentence. The only evidence cited is page 12, lines 2-11 of Lewis' deposition. The deposition excerpts [Doc. No. 11-7] only indicate Lewis was incarcerated for a series of felonies (possession of a firearm and some drug charges). However, there is nothing in the record to show that Lewis pled guilty and/or was sentenced to the DOC. Without proof that Lewis was convicted and serving a sentence (as compared to a pre-trial detainee), this Court must DENY Johnson's motion, as to claims 1, 2, 3, and 4, without prejudice.[2]

---

[2] Upon proof of Lewis' status, this Court will revisit and/or reconsider this portion of the ruling.

### 2. Official Capacity Claim Against Johnson

A suit against a government official in his official capacity is equivalent to a suit against the government entity of which the official is an agent. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). In their official capacities, they cannot be found liable under any theory of respondent superior or vicarious liability because a government entity cannot be held liable under 42 U.S.C. 1983 solely because it involves a tortfeasor. *Monell v. Dept. of Soc. Svcs. Of the City of New York*, 436 U.S. 658, 690 n. 55 (1978).

To establish liability, Lewis must identify conduct properly attributable to the government entity itself. A three-pronged inquiry requires proof of (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant Cnty, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009).

Johnson is entitled to summary judgment as to the official capacity claim against him because he is not a policymaker. Official capacity suits are only viable against persons responsible for formulating an official policy which results in a constitutional deprivation. *Monell* 436 U.S. 658. Under Louisiana law, the sheriff is a final policymaker for his office. *Craig v. St. Martin Parish Sheriff*, 861 F.Supp. 1290, 1300 (W.D. La. 1994). Johnson is a correctional officer employed by a parish sheriff, with the rank of Major. [Doc. No. 11-3, Declaration of Warden Pat Smith]. Johnson does not have "policymaker" status under Louisiana law.

### 3. Official Capacity Claim Against Jones

Under the above-discussed three-prong analysis in *Davis*, Jones is a policymaker under the first prong, as sheriff of Tensas Parish. There must also be a policy and a violation of constitutional rights whose "moving force" is the policy or custom. There is neither. Lewis has

not shown any deficient policy or custom of Jones that contributed to his alleged injury. Lewis only makes a conclusory allegation that the alleged excessive force was the result of a failure to be properly trained and supervised by Jones. Lewis must provide evidence of a specific policy or custom. *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993).

Additionally, since Lewis has not provided evidence of a specific policy or custom, he also cannot meet prong three, which requires plaintiff to show the specific policy or custom was a "moving force" behind the alleged constitutional violation. Since Lewis has failed to meet prongs two and three, Jones is entitled to summary judgment on the official capacity claim.

### 4. State Negligent Supervision and Failure to Train Claims Against Jones

Lewis alleges that Jones is liable under Louisiana State law for failure to supervise and failure to train Johnson. However, pursuant to La. R.S. 9:2798.1, a parish sheriff is immune to the state law claims of negligent supervision and failure to train. *Gregor v. Argenot Great Cent. Ins. La.*, 851 So.2d 959, 966 (La. 2002); and *Curran v. Aleshire*, 67 F. Supp 3d 741, 763-64 (E.D. La. 2014).

Since Sheriff Jones is immune to these claims, Jones is entitled to summary judgment on the Louisiana negligent supervision and failure to train claims.

### III. CONCLUSION

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.

MONROE, LOUISIANA this 16th day of November 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE